IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 2:18-CR-51-RLJ-HBG |
| CHAMP TERRY SKAGGS, JR., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This case is before the Court on the Defendant's Motion to Dismiss [Doc. 28], which was referred [Doc. 63] to the undersigned, on August 26, 2019, pursuant to 28 U.S.C. § 636(b), for report and recommendation regarding disposition by the District Judge. The parties appeared on September 5, 2019, for a scheduled pretrial conference as well as a motion hearing and status conference. Assistant United States Attorney Meghan Lynn Gomez appeared on behalf of the Government. Assistant Federal Defender Nikki C. Pierce represented Defendant Skaggs, who was also present. The undersigned inquired about the status of the Motion to Dismiss [28] and the supplemental brief [Doc. 45] in light of the Supreme Court's ruling in *Grundy v. United States*, 139 S. Ct. 2116 (2019). Ms. Pierce said that *Grundy* is decisive on the nondelegation doctrine issue but that the *ex post facto* and due process issues remain. The Court heard the parties' arguments on the issues raised in the Defendant's supplemental brief [Doc. 45] and took the motion and all related filings under advisement.

The trial of this case is set for October 22, 2019. The Court questioned whether the parties would have sufficient time to litigate the pending dispositive motion, particularly before the October 8 plea deadline. The parties noted their concern about Defendant Skaggs being

detained beyond the extent of his guideline range, in the event of a lengthy continuance, but agreed that a short continuance to November or December 2019 would be appropriate. The parties made a joint motion to continue the trial and agreed on a new trial date of December 17, 2019.

The Court finds the Defendant's oral motion to continue the trial to be well taken and that the ends of justice served by granting a continuance outweigh the interest of the Defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The pending motion to dismiss was referred to the undersigned on August 26, 2019. *See* 18 U.S.C. § 3161(h)(1)(D) (excluding delay during the pendency of a motion from filing until prompt hearing or other disposition).[1] The Court heard argument on the supplemental filings on September 5, 2019. The Court now needs time, not to exceed thirty days, to prepare a report and recommendation on the complicated legal issues raised in the motion to dismiss and the supplemental filings. *See* 18 U.S.C. § 3161(h)(1)(H) (excluding up to a thirty-day period during which a judge has a motion under advisement). Once the report is filed, the parties will need time to file and respond to any objections to the report. Then, the District Judge will need time to rule on the motion in light of the report and any objections. *See* 18 U.S.C. § 3161(h)(1)(H). Thus, the Court finds that litigation of the Defendant's Motion to Dismiss requires a trial continuance. Following the resolution of this motion, counsel will also need time to prepare for trial. The Court finds that all of this cannot occur in the six and one-half weeks until the trial date or in less than three months. Accordingly, the Court finds that

---

[1] The Court notes that the trial of this case was previously continued, without objection, to allow Defendant to file a supplemental brief [Doc. 38]; to give time for the Supreme Court's impending ruling in *Grundy*, which is dispositive of the primary issue alleged in the Motion to Dismiss [Docs. 53 & 57]; and most recently [Doc. 62], to give defense counsel time to review the then newly issued *Grundy* decision with the Defendant and to determine whether it resolves all of the issues in the Motion to Dismiss and supplemental brief. For each of these continuances, the Court found the time up to the new trial date excludable and the ends of justice served by granting a continuance to outweigh the interests of the Defendant and the public in a speedy trial.

the failure to grant the requested continuance would deprive counsel of the reasonable time necessary to prepare effectively for trial even taking into account counsel's acting with due diligence. 18 U.S.C. § 3161(h)(7)(B)(iv).

The parties' joint, oral motion to continue the trial is **GRANTED**. The trial of this matter is reset to **December 17, 2019**. The Court also finds that all the time between the motion hearing on **September 5, 2019**, and the new trial date of **December 17, 2019**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. *See* 18 U.S.C. § 3161(h)(1)(D), -(1)(H), & -(7)(A)-(B). With regard to other scheduling in this case, the parties are to appear before the undersigned for a final pretrial conference on **December 2, 2019, at 9:00 a.m.** The Court will appear by video teleconference. This date shall also be the deadline for concluding plea negotiations and providing reciprocal discovery. The Court instructs the parties that all motions *in limine* must be filed no later than **December 2, 2019**. Special requests for jury instructions shall be submitted to the Chief District Judge no later than **December 6**, **2019**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

Accordingly, it is **ORDERED**:

(1) The parties' joint, oral motion to continue the trial is **GRANTED**;

(2) The trial of this matter is reset to commence on **December 17, 2019**, **at 9:00 a.m.**, before the Honorable R. Leon Jordan, United States District Judge;

(3) All time between the **September 5, 2019** motion hearing and the new trial date of **December 17, 2019**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) The parties are to appear before the undersigned for a final pretrial conference on **December 2, 2019, at 9:00 a.m.** This date is also the deadline for concluding plea negotiations, providing reciprocal discovery, and filing motions *in limine*; and

3

(5) Special requests for jury instructions shall be submitted to the District Judge no later than **December 6, 2019**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

**IT IS SO ORDERED.**

ENTER:

_____
United States Magistrate Judge